# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIJE SMITH,** <br><br> Plaintiff, <br><br> v. <br><br> **EUGENE WRIGHT,** *et al.*, <br><br> Defendants. | Case No. 1:19-cv-00580 (TNM) |

## **MEMORANDUM OPINION**

In March 2019, Brije Smith filed her Complaint, followed a few months later by her First Amended Complaint. *See* ECF Nos. 1, 15. Ms. Smith alleges that she was sexually harassed by Eugene Wright, her former supervisor at the District of Columbia Public Schools; that the District of Columbia Government failed to protect her from a sexual assault by a student inmate at the District of Columbia jail; and that Mr. Wright and others discouraged her from reporting the alleged sexual assault. *See* ECF No. 15. On June 18, 2019, Defendants District of Columbia Public Schools and District of Columbia Government ("the District") filed a Motion to Dismiss Ms. Smith's Amended Complaint. *See* ECF No. 17. Ms. Smith filed her Opposition on July 2, 2019, s*ee* ECF No. 18, and the District filed its Reply on July 9, 2019. *See* ECF No. 19. For the reasons set forth below, the Court will grant the District's Motion to Dismiss.

On July 23, 2019, this Court dismissed Defendant Eugene Wright from this case under Federal Rule of Civil Procedure 4(m). *See* ECF No. 21. That dismissal left only the District Defendants. As it turns out, neither are subject to the Court's jurisdiction.

First, the District of Columbia Public Schools are *non sui juris*. It is well-settled law that "agencies and departments within the District of Columbia government are not suable as separate

entities." *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (quoting *Gales v. Dist. of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999)). Accordingly, the Court lacks jurisdiction over the District of Columbia Public Schools.

Second, the District of Columbia is not subject to this Court's diversity jurisdiction. The District raised an argument in their reply brief that this Court lacks diversity jurisdiction over the District of Columbia Government. Def. Reply Br. at *4; *see Long v. District of Columbia*, 820 F.2d 409 (D.C. Cir. 1987); *see also* 28 U.S.C. § 1332. *Long* states that "the District [of Columbia], like the fifty states, is not subject to diversity jurisdiction." *Long*, 820 F.2d at 414. *Long* also suggests that parties not subject to diversity jurisdiction may also be immune from federal courts' supplemental jurisdiction. *Id*., at 414-15.

While the Court does not normally consider arguments first raised in reply briefs, this Court's subject-matter jurisdiction "can never be forfeited or waived," and therefore must be addressed whenever raised. *United States v. Cotton*, 535 U.S. 625, 630 (2002). On July 24, 2019, the Court directed Ms. Smith to show cause why this Court has jurisdiction over this matter. *See* ECF No. 22. Ms. Smith failed to file either an amended complaint or a brief supporting the Court's jurisdiction. The Court now considers the District's argument and agrees that it is not subject to diversity jurisdiction for the reasons set forth in *Long*.

Considering that the District of Columbia Public Schools are *non sui juris* and that the Court lacks diversity jurisdiction over the District of Columbia Government, the action must be dismissed. This Opinion will be accompanied by a final Order.

Dated: August 9, 2019

TREVOR N. McFADDEN
United States District Judge